UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LLOYD J. BROWN,<br><br>    Petitioner,<br><br>v.<br><br>RANDY BLADES,<br><br>    Respondent. | Case No. 1:15-cv-00037-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court is Petitioner Lloyd J. Brown's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, arguing that (1) the Petition is barred by the one-year statute of limitations, (2) Petitioner's claims are procedurally defaulted, and (3) Claim Three is noncognizable. (Dkt. 13.) The Motion is now ripe for adjudication. Also pending is Petitioner's Motion to Apply *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to his habeas claims. (Dkt. 17.)

  The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 10.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

**MEMORANDUM DECISION AND ORDER - 1**

Accordingly, the Court enters the following Order granting the Motion and dismissing the Petition with prejudice as untimely.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *Brown v. State*, Docket No. 41826, Op. 801 (Idaho Ct. App. Nov. 6, 2014) (unpublished), which is contained in the record at State's Lodging B-3. The facts will not be repeated here except as necessary to explain the Court's decision.

Petitioner pleaded guilty in the First Judicial District Court in Shoshone County, Idaho, to trafficking in heroin in violation of Idaho Code § 37-2732B. (Dkt. 3 at 2; State's Lodging B-3 at 1.) He received a unified sentence of twelve years' imprisonment with five years fixed. The judgment of conviction was entered, at the latest, on July 14, 2011.[1] (Dkt. 3 at 1.) Petitioner did not file a direct appeal.

On November 2, 2011, Petitioner filed a motion for reduction of sentence under Idaho Criminal Rule 35. (State's Lodging C-2 at 3.) The motion was denied by the trial court six days later, on November 8, 2011. (*Id.*) Petitioner did not appeal the denial of his Rule 35 motion.

On August 30, 2013 (at the earliest),[2] Petitioner filed a petition for state postconviction relief in the state district court. The court dismissed the petition on several

---

[1]   The records from Petitioner's state court proceedings are inconsistent as to the date of the judgment of conviction. (*See* State's Lodging C-1 & C-2.) The judgment was entered on July 11 or 14, 2011. Because July 14 is the later date for purposes of the Court's statute of limitation analysis, the Court uses July 14, 2011, as the date of conviction so as to give Petitioner the benefit of the doubt.

[2]   Like the federal courts, Idaho courts follow the "mailbox rule" and deem a pro se inmate's postconviction petition filed on the date the petition is delivered to prison authorities for placement in the

**MEMORANDUM DECISION AND ORDER - 2**

grounds, including that the petition was untimely under state law. (State's Lodging B-3 at 1.) The Idaho Court of Appeals agreed that the petition was untimely and affirmed, holding that, even if Petitioner had been unaware that his attorney failed to file a direct appeal, Petitioner had "not described any circumstance that would make it reasonable for him to wait two years to investigate whether an appeal had been filed." (*Id*. at 6.) Therefore, Petitioner was not entitled to equitable tolling. The Idaho Supreme Court dismissed Petitioner's request for review as untimely and issued the remittitur on December 29, 2014. (State's Lodging B-7 & B-8.)

Petitioner filed his federal habeas Petition, at the earliest, on February 3, 2015. Petitioner asserts the following claims:

> Claim 1: Ineffective assistance of trial counsel based on (a) counsel's failure to file a motion to suppress evidence, and (b) counsel's advice that Petitioner should plead guilty.
>
> Claim 2: Ineffective assistance of trial counsel based on counsel's failure to file a direct appeal and failure to notify Petitioner that the appeal had not been filed.
>
> Claim 3: Denial of counsel during Petitioner's state postconviction proceedings.

(Dkt. 3 at 4-6.)

---

mail. *Munson v. State*, 917 P.2d 796, 800 (Idaho 1996). Because Petitioner signed his state postconviction petition on August 30, 2013 (State's Lodging A-1 at 5), the Court assumes that the petition was also delivered to prison staff for mailing on that date. *See also Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding, under federal law, that if a prisoner is entitled to the benefit of the mailbox rule, a legal document is deemed filed on the date a Petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court); Rule 3(d) of the Rules Governing Section 2254 Cases.

**MEMORANDUM DECISION AND ORDER - 3**

## DISCUSSION

Respondent argues, among other things, that Petitioner's claims are barred by the one-year statute of limitations. The Court agrees. Because Petitioner (1) is entitled to statutory tolling of only a portion of the statute of limitations period and (2) is not entitled to equitable tolling, the Court will dismiss the Petition with prejudice as untimely.[3]

**1.      Standards of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of relevant state court records in determining whether to dismiss a petition.[4] Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[5] 28 U.S.C. § 2244(d)(1)(A). One year in this context actually

---

[3]     For this reason, the Court does not address Respondent's other arguments.

[4]     The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on May 7 and June 24, 2015. (Dkt. 11, 12.)

[5]     Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

**MEMORANDUM DECISION AND ORDER - 4**

means *366* days, for example, from January 1, 2000, to January 1, 2001. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA, where the calculation excludes the day the conviction became final).

The first step in a statute of limitations analysis is determining the date on which the petitioner's conviction became final. Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that triggers the one-year limitations period is measured as follows, depending on how far a petitioner pursues his claim in state court:

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**MEMORANDUM DECISION AND ORDER - 5**

| | |
|---|---|
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the U.S. Supreme Court issues a decision | Date of decision |

In each of the above instances, if the petitioner stops pursuing the case and does not take the next step within the time period specified, "finality" is measured from entry of final judgment or order—not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a petitioner properly filed an application for postconviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

The time before a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitations. *Nino v. Galaza*, 183 F.3d 1003,

**MEMORANDUM DECISION AND ORDER - 6**

1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). In addition, AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003). Additionally, any postconviction petition or other collateral proceeding that is untimely under state law is not considered "properly filed" and thus does *not* toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

If, after applying statutory tolling, a federal court determines that the habeas petition is untimely, the court can still hear the merits of the claims if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled under exceptional circumstances. A habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). To qualify for

**MEMORANDUM DECISION AND ORDER - 7**

equitable tolling, a circumstance must have *caused* a petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).[6]

## 2. The Petition Is Barred by the Statute of Limitations

### A. *The Statute Began to Run on August 25, 2011*

Because Petitioner did not file a direct appeal, his conviction became final on August 25, 2011, 42 days after the judgment of conviction was entered on July 14, 2011. *See* Idaho Appellate Rule 14(a). Absent tolling, the statute of limitations period would have expired one year later, on August 25, 2012. Therefore, the claims in the Petition are barred by AEDPA's one-year statute of limitations unless Petitioner establishes that he is entitled to sufficient statutory or equitable tolling.

### B. *Statutory Tolling*

As set forth above, AEDPA's one-year limitations period is tolled for all of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner's conviction became final on August 25, 2011. Petitioner filed his Rule 35 motion for reduction of sentence on November 2, 2011; at that point, exactly 69 days of the statute of limitations period had passed (from August 25, 2011 to November 2, 2011). *See Nino*, 183 F.3d at 1006. Pursuant to § 2244(d)(2), the statute of limitations stopped running when Petitioner filed his Rule 35 motion.

---

[6] In addition to statutory and equitable tolling, the statute of limitations is subject to an actual innocence exception. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). Petitioner does not argue that he is actually innocent.

**MEMORANDUM DECISION AND ORDER - 8**

The state district court denied Petitioner's Rule 35 motion on November 8, 2011. Because Petitioner did not appeal the denial of his Rule 35 motion, the statute remained tolled for an additional 42 days, until December 20, 2011. *See* Idaho Appellate Rule 14(a).

Once Petitioner's Rule 35 proceedings were concluded, the statute began to run again. Petitioner had 297 days remaining in the limitations period (366 days minus 69 days). Therefore, AEDPA's statute of limitations expired on Friday, <u>October 12, 2012</u> (297 days after December 20, 2011). Petitioner's state postconviction proceedings cannot serve to toll the statute of limitations because he did not initiate those proceedings until August 30, 2013—over ten months *after* his federal petition was due. *See Ferguson*, 321 F.3d at 822 (holding that a state petition filed after the expiration of AEDPA's statute of limitations does not resurrect or restart the limitations period). The postconviction proceedings were also deemed untimely by the state court, and thus could not toll the statute of limitations in any event. *See Pace*, 544 U.S. at 414.

Therefore, even with statutory tolling, Petitioner's February 3, 2015 federal Petition was filed over two years too late. Therefore, Petitioner's claims can be deemed timely only if he is also entitled to equitable tolling.

    C.    *Equitable Tolling*

As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented a timely filing. *Holland*, 560 U.S. at 649. "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v.*

**MEMORANDUM DECISION AND ORDER - 9**

*Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). As to the diligence issue, the Supreme Court has held that a petitioner who "waited years, without any valid justification" to bring his postconviction claims in state court, and then waited "five more months after his [postconviction] proceedings became final before deciding to seek relief in federal court," had not acted diligently in pursuing his rights. *Pace*, 544 U.S. at 419.

    Petitioner has not established extraordinary circumstances that would justify the application of equitable tolling in this case. Petitioner asserts that the prison does not provide adequate access to legal resources. Even assuming the truth of that allegation, Petitioner has not explained how the inadequacy of legal resources "made it *impossible* to file a petition on time." *Ramirez*, 571 F.3d at 997 (emphasis added) (internal quotation marks and alteration omitted). Petitioner had a full year to file his federal Petition, and he has not shown that there was no substantial period of time in that entire year that he could have done so. Moreover, Petitioner does not describe any steps he might have taken to attempt to prepare a federal petition despite the lack of adequate access, and thus he has not shown diligence. Finally, Petitioner does not explain how he was prohibited from filing his federal Petition at any point between the expiration of the statute of limitations on October 12, 2012, and the filing of his Petition on February 3, 2015.

    Petitioner has simply not met his burden of showing that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition.

**MEMORANDUM DECISION AND ORDER - 10**

3.      **Petitioner's Motion to Apply *Martinez v. Ryan***

Petitioner asks the Court to apply *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and conclude that his habeas claims are substantial claims of ineffective assistance of counsel and, therefore, that those claims may be heard on the merits despite Petitioner's failure to comply with the statute of limitations.

However, *Martinez*—which, under certain circumstances, can excuse the procedural default of an ineffective assistance of counsel claim and allow that claim to be heard on the merits—does not apply in the statute of limitations context. *Lambrix v. Sec. of Fla. Dep't of Corrs.*, 756 F.3d 1246, 1249 (11th Cir. 2014) ("[T]he equitable rule in *Martinez* applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding and has no application to the operation or tolling of the § 2244(d) statute of limitations for filing a § 2254 petition.") (internal quotation marks omitted); *Avila v. Reinke*, Case No. 1:11-cv-00474-EJL, 2014 WL 4162385, at *8 (D. Idaho Aug. 20, 2014) (unpublished) (stating that *Martinez v. Ryan* "applies only to a procedural default defense, not to a statute of limitations defense").

Therefore, *Martinez* does not excuse Petitioner's failure to comply with AEDPA's statute of limitations.

## CONCLUSION

Petitioner did not file his federal Petition within one year after his conviction became final. He is entitled only to limited statutory tolling, and he is not entitled to equitable tolling. Therefore, this case must be dismissed.

**MEMORANDUM DECISION AND ORDER - 11**

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 13) is GRANTED, and the Petition is DISMISSED with prejudice.

2. Petitioner's Motion to Apply *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) to this Case (Dkt. 17) is DENIED.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **March 10, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**